UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EAGLE LANCE BEY,

    Plaintiff,

v.                                            CASE NO. 3:20-cv-48-J-20JBT

CJ CASURRA, etc., et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

In its prior Order (Doc. 4), the Court took the Motion under advisement and stated that Plaintiff's Complaint (Doc. 1) was deficient in numerous respects. (Doc. 4 at 3.) The Court directed Plaintiff to file an amended complaint that cured the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

deficiencies addressed in that Order. (*Id.*) Plaintiff filed a timely Amended Complaint (Doc. 5).[2] However, as explained further herein, the undersigned recommends that the Amended Complaint still fails to state a claim upon which relief may be granted.

In its prior Order, the Court noted that it appeared Plaintiff was attempting to "allege that Defendants, two Dekalb County, Georgia police officers, unlawfully infringed on his right to travel when they arrested him after he failed to provide a driver's license during a traffic stop in Georgia." (Doc. 4 at 3.) The facts included in Plaintiff's Amended Complaint are nearly identical to those included in his original Complaint. (*See* Doc. 1 at 9; Doc. 5 at 3–5.) Plaintiff alleges that Defendant CJ Cassura pulled over the vehicle he was driving and requested that Plaintiff give him his driver's license and proof of insurance. (Doc. 5 at 4.) Plaintiff then told Officer Cassura that he is "not required to have a Driver's License to travel on the road. Only people who are engaging in commercial activities are required to have a 'Driver's License.'" (*Id.*) Plaintiff was told that if he "did not have a driver's license, that [he] was going to jail." (*Id.*) Plaintiff did not provide Defendants with a driver's license and was arrested. (*Id.* at 5.) Plaintiff then alleges that Defendants violated sixteen federal criminal statutes and appears to allege that they must pay $16,656,000.00 for violating those statutes. (*Id.*)

---

[2] This filing is titled "Writ of Appeal; Amended Claim/Complaint." (Doc. 5 at 1.)

The Court previously noted that "Plaintiff may be attempting to assert a claim regarding a right to travel." (Doc. 4 at 4.) The Amended Complaint appears to assert the same claim. (*See* Doc. 5.) Plaintiff alleges that he is "not required to have a Driver's License to travel on the road" because the "Treaty of Peace and Friendship" grants no "territorial jurisdiction to the United States over my Moor…." (*Id.* at 4, 6.) However, as the Court previously stated, "[t]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside. *Smith ex rel. Bey v. Kelly*, Case No. 12-cv-2319 JS AKT, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)." (Doc. 4 at 4.) Moreover, to the extent that Plaintiff is attempting to bring claims under Section 18 of the United States Code, "Plaintiff[] lack[s] standing to enforce penal statutes." *Otto v. Hillsborough Cty.*, Fla., Case No. 8:12-cv-1515-T-33TGW, 2013 WL 2456095, at *4 (M.D. Fla. June 6, 2013).

Additionally, as noted in the Court's prior Order (Doc. 4), it appears that Plaintiff has an open criminal case in Dekalb County, Georgia regarding the subject arrest.[3] "To the extent Plaintiff is requesting that this Court interfere with a pending state court criminal prosecution, such relief is unavailable. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal courts must abstain from interfering with proceedings

---

[3] The undersigned takes judicial notice of the state court record. *See Davis v. Fuller*, Case No. 2:15-cv-169-MHT, 2015 WL 1729379, at *3 n.6 (M.D. Ala. Apr. 15, 2015) ("The court may take judicial notice of the state court's record in both actions in evaluating the present complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).").

3

in state courts that implicate important state interests)." (*Id.* at 4.)  It is also unclear what connection Plaintiff's claims have with this district, or how this Court would have personal jurisdiction over Defendants.

Plaintiff was previously warned that if he failed to "file a proper amended complaint as directed in [the Court's previous] Order, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this case."  (Doc. 4 at 5.)  However, the Amended Complaint fails to cure the deficiencies specified in the Court's previous Order and is otherwise deficient as explained herein.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 23, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Pro Se Plaintiff

4